# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAZWIPERI JACKIE GUMBODETE and JOSE ANAYA | § § § | |
| v. | § § | |
| FEYSAL AYATI-GHAFFARI and IRANA HAGNAZARI | § § § | CASE NO. 4:15-CV-336 (Judge Mazzant/Judge Nowak) |
| v. | § § § | |
| FOREMOST LLOYDS OF TEXAS | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 6, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs Hazwiperi Jackie Gumbodete and Jose Anaya's Motion to Remand (Dkt. #6) be granted, this case be remanded, and all other motions not previously ruled on (Dkts. #3, 4, 10-12, 14-16) be denied as moot. Having received the report and recommendation of the Magistrate Judge (Dkt. #18), having considered Defendant Ayati-Ghaffari's timely filed objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and hereby adopts the Magistrate Judge's report (Dkt. #18) as the findings and conclusions of the Court.

## BACKGROUND

This litigation relates to a residential lease contract executed in 2009, by Plaintiffs Hazwiperi Jackie Gumbodete and Jose Anaya (collectively "Plaintiffs") and Defendant Feysal

Ayati-Ghaffari ("Ayati-Ghaffari") regarding the real property and improvements located at 4508 Lone Grove Lane, Plano, Texas 75093 (Dkt. #6). On December 27, 2012, Plaintiffs filed their Original Petition in the 429th District Court in Collin County (Dkt. #6, Ex. A), asserting claims for breach of contract and violations of the Deceptive Trade Practices Act ("DTPA"); and on June 11, 2014, summary judgment was granted in favor of Plaintiffs (Dkt. #6, Ex. B). On or about August 6, 2014, Ayati-Ghaffari filed his notice of appeal to the Fifth Court of Appeals for the State of Texas. *Id.* at Ex. C. On May 12, 2015, while Ayati-Ghaffari's appeal was still pending, and before the state appellate court affirmed the trial court's judgment, Ayati-Ghaffari removed this case (Dkt. #1).[1] On May 26, 2015, Plaintiffs filed their Motion to Remand and Motion for Sanctions (Dkt. #6), asserting that this case should be remanded because removal was improper. On October 6, 2015, the Magistrate Judge entered a report and recommendation concluding that Ayati-Ghaffari's removal of this case was untimely and the Court lacked subject matter jurisdiction (Dkt. #18). The Magistrate Judge also denied Plaintiffs' motion for sanctions at that time. On November 6, 2015, Ayati-Ghaffari filed a document entitled "Defendant's Objections/Disposition to Magistrate Judge's Recommendation 10/6/2015 Evidentiary Hearing is Demanded" (Dkt. #19). The Court construes this document as objections to the report and recommendation of the Magistrate Judge (Dkt. #18).

## ANALYSIS

In his objections, Ayati-Ghaffari states generally that the Magistrate Judge's rulings are erroneous (Dkt. #19 at 3). Moreover, Ayati-Ghaffari asserts a series of objections that appear to be related to events occurring during the underlying state court proceedings, such as: (1) "**District Court** never had NO-Original jurisdiction"; (2) "**Statute of Limitation RUN**. NO-

---

[1] The state appellate court issued its Memorandum Opinion affirming the trial court's judgment on July 23, 2015 [Dkt. 17]. *See Ayati-Ghaffari v. Gumbodete,* No. 05-14-01019-CV, 2015 WL 4482158, at *1 (Tex. App. – Dallas, July 23, 2015, no pet. h.).

**FAIR-NOTICE** before filing suit 429-04867-2012"; (3) "**DTPA** are BARRED by the Statute of Limitations"; (4) "**MERE BREACH**. Plaintiff Frivolous claims in this lawsuit are at best, cause of action for breach of contract and are not actionable under the DTPA"; (5) "**Statute of FRAUDS**. Defendant alleges that there is **NO-WRITTEN-Agreement** between the parties to perform the services alleged in the Original-Petition and that any such agreement would be subject to the statute of Frauds"; (6) "**LACK of Consideration**. Defendant alleges that the "Contract" upon which plaintiff sues was without consideration or that the consideration failed in whole or in part"; (7) "Plaintiff violated RULE 165. **ABANDONMENT**" (Dkt. #19 at 2 (emphasis in original)).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). In Ayati-Ghaffari's filing, he does not identify any specific issue of law or fact, among those set forth in the Magistrate Judge's report and recommendation, with which he disagrees, nor does he address the findings and recommendations of the Magistrate Judge. Therefore, Ayati-Ghaffari's objections fail to invoke his right to a de novo review of the report and recommendation.

Nevertheless, the Court has undertaken a de novo review of the report and recommendation. This case presents an unusual procedural posture. As previously stated, this suit was originally filed in the 429th District Court in Collin County, and summary judgment was granted in favor of Plaintiffs (*see* Dkt. #6, Ex. A). Following the judgment of the state court, Ayati-Ghaffari filed his notice of appeal to the Fifth Court of Appeals for the State of Texas, and while that appeal was pending Ayati-Ghaffari sought removal to this Court. *Id*. at Ex. C. Since the time of removal, the Fifth Court of Appeals has entered a judgment affirming the judgment of the state district court (Dkt. #17). This unique situation has been addressed in only a handful of cases, which hold in some limited circumstances (not applicable here as discussed *infra*), a case pending appeal before a state appellate court may in fact be properly removed to federal court. *See F.D.I.C. v. Yancey Camp Development*, 889 F.2d 647 (5th Cir. 1989); *F.D.I.C. v. Kahlil Zoom-In Markets*, 978 F.2d 183 (5th Cir. 1992) (finding jurisdiction over removal while appeal pending); *see also Nieto v. University of N.M.*, 727 F. Supp. 2d 1176 (D.N.M. 2010) (same). In the case presently before the Court, it concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass,* 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). Ayati-Ghaffari's removal was untimely; he removed more than two years after the commencement of the original action and no amended pleading filed in the interim made the case removable (Dkt. #18 at 5). The Court also lacks subject matter jurisdiction over this litigation because (1) the parties are not diverse and the amount in controversy does not meet the jurisdictional limit, and (2) there is no federal question; and, for that additional reason, jurisdiction will not lie. *Id*. at 6-7. Accordingly, the Court finds Ayati-Ghaffari's objections are overruled. Thus, this case should be remanded. The Court has

determined the case is properly remanded to the court from which it was removed - the Fifth Court of Appeals - but acknowledges the fact that the Fifth Court of Appeals has already affirmed the state court's judgment and no further proceedings remain pertaining to this matter. Because the Court lacks jurisdiction, the Court must order remand; however, this matter has already been resolved by the Fifth Court of Appeals and it is appropriate that the Fifth Court of Appeals now close its case.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Ayati-Ghaffari's timely filed objections (Dkt. #19), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #19) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** Plaintiffs Hazwiperi Jackie Gumbodete and Jose Anaya's Motion to Remand (Dkt. #6) is **GRANTED**, and Plaintiff's case is **REMANDED** to the Fifth Court of Appeals.

All relief not previously granted is **DENIED** (including specifically relief sought by and through Dkts. #3, 4, 10-12, 14-16). The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

SIGNED this 14th day of December, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE